UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ANTONIO JONES,                  )
                                )
     Petitioner,                )
                                )
v.                              )     CIVIL ACTION NO.
                                )     07-10032-DPW
PETER A. PEPE, JR., in his      )
capacity as Superintendent,     )
MCI-Cedar Junction              )
                                )
     Respondent.                )
```

MEMORANDUM AND ORDER
July 10, 2013

The petitioner in this habeas corpus proceeding under 28 U.S.C. § 2254 seeks copies of "the billing hours and payments [his] attorney, Raymond Gillespie, submitted and received on this case." In light of the general principle stated in the Criminal Justice Act that after a trial is completed "the court shall make available to the public an unredacted copy of the expense voucher," 18 U.S.C. § 3006A(d)(4)(A)(i), and after review of the materials submitted in support of the voucher in this case, I hereby direct that all such materials be provided to the petitioner.

Using completion of trial as a proxy for the degree of finality beyond which further significant activity in the case is unlikely, I note this case has reached that stage.  Final

judgment has entered and the mandate of the Court of Appeals was issued well over a year ago. Recognizing that the considerations relevant to limitations on disclosure of the expense voucher are focused on protection of the rights of the defendant, 18 U.S.C. § 3006A(d)(4)(A)(ii), I find the defendant's request to be even more compelling than that of the public. My review of the underlying submissions in support of the voucher satisfies me that no other considerations which might counsel against disclosure are implicated by the request.

I find especially troubling petitioner's assertion that "[o]n several occasions, I requested this information from [Mr. Gillespie] but he refused to provide it to me." I can conceive of no good reason why such information should not be provided promptly to a Criminal Justice Act client by his attorney when requested. In any event, to ensure that the client here has all relevant billing information, I have determined to direct the Clerk to provide the petitioner not only the expense voucher itself but all material submitted in support of the decision to issue the voucher for payment.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE